# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILIP DONALD STAMBAUGH and ECCO ALICE WHIPPLE STAMBAUGH,<br><br>            Petitioners,<br><br>    vs.<br><br>UNITED STATES,<br><br>            Respondent. | CASE NO. 08cv1941-IEG(WMc)<br><br>Order Granting Government's Motion to Dismiss Petition to Quash IRS Summons [Doc. No. 5] |

Petitioners Philip Donald Stambaugh and Ecco Alice Whipple Stambaugh petition the Court for an order quashing an administrative summons issued by the Internal Revenue Service and served upon third party record keepers Jackson National Life Insurance Company, Dreher Law Firm, and Lennar Associates Management, LLC. The summonses were issued by the IRS in furtherance of its investigation of Petitioners' income tax liability for the 2004 tax year.

Respondent has filed a motion to dismiss the petition, arguing the Court lacks subject matter jurisdiction because the petition was not filed within 20-days after notice was given as required by 26 U.S.C. § 7609(b)(2).[1] Petitioners have filed an opposition to the motion to dismiss

---

[1] Respondent also argues that this Court lacks jurisdiction as to two of the summonses because the summoned parties are not located within this District. See 26 U.S.C. § 7609(h)(1) (vesting jurisdiction for action to quash in the "district court for the district within which the person to be summoned resides or is found"). Because the Court concludes the petition was not filed within the 20-day jurisdiction time period of § 7609(b)(2), the Court need not address this alternative argument.

and Respondent has filed a reply.

Upon review, the Court finds the motion appropriate for submission without oral argument and the January 12, 2009 hearing is VACATED. Respondent's motion to dismiss is GRANTED.

### *Background*

The IRS is conducting an examination regarding Petitioners' federal income tax liability for the 2004 tax year. [Declaration of IRS Revenue Agent Lorraine Arellano ("Arellano Decl."), ¶ 3.] As part of its investigation, on September 15, 2008, Revenue Agent Arellano issued third-party summonses to Lennar Associates Management, LLC, Jackson National Life Insurance Company, and Dreher Law Firm. [Arellano Decl., ¶¶ 4-9, Exhibits A-C.] In accordance with 26 U.S.C. § 7609, the Revenue Agent sent notice of the summonses to Petitioners' last known address via certified mail on September 15, 2008. [Arellano Decl., ¶10, Exhibit D.]

Petitioners filed their motion to quash the administrative summonses on October 21, 2008. Respondent filed a motion to dismiss the petition on November 17, 2008.

### *Discussion*

Respondent moves to dismiss the petition under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. The United States is immune from suit unless there is a valid waiver of sovereign immunity. Valdez v. United States, 56 F.3d 1177, 1179 (9th Cir. 1995). Section 7609(b) is the exclusive method by which a taxpayer can challenge a summons issued by the IRS to a third-party recordkeeper. Ponsford, 771 F.2d 1305, 1309 (9th Cir. 1985). The procedures for filing a petition to quash are set forth in § 7609(b) as follows:

> (A)  In general. – Notwithstanding any other law or rule of law, any person who is entitled to notice of a summons under subsection (a) shall have the right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given in the manner provided in subsection (a)(2). In any such proceeding, the Secretary may seek to compel compliance with the summons.

Pursuant to subsection (b)(2)(A), the petition to quash must be filed within 20 days after notice of the summons is given to the taxpayer. This 20-day period is jurisdictional, and the court must dismiss a petition not filed within that time period. Ponsford, 771 F.2d at 1309; Clay v. United States, 199 F.3d 876, 879 (6th Cir. 1999); Faber v. United States, 921 F.2d 1118, 1119 (10th Cir. 1990). Petitioners filed their petition to quash on October 21, 2008, 36 days after the

1  government sent notice of the summons to them by certified mail at their last known address on
2  September 15, 2008. Thus, on its face, the petition appears untimely.

3  In opposition to the government's motion to dismiss, Petitioners argue the 20-day time
4  period under § 7609(b)(2)(A) did not begin to run until they received notice of the summonses on
5  October 7, 2008.[2] The 20-day time period under § 7609(b)(2)(A), however, begins to run on the
6  date that notice of the summons is *mailed* to the taxpayer, not the date on which it is received.
7  Berman v. United States, 264 F.3d 16, 18-19 (1st Cir. 2001); Clay, 199 F.3d at 878; Stringer v.
8  United States, 776 F.2d 274, 275-76 (11th Cir. 1985); 26 C.F.R. § 301.7609-4(b)(2) (requiring that
9  proceeding to quash a summons be instituted "not later than the 20th day following the day the
10 notice of the summons was served on or mailed to such person"). Section 7609(a)(2) provides that
11 notice given to a taxpayer is "sufficient" if it "is mailed by certified or registered mail to the last
12 known address of such person, or, in the absence of a last known address, is left with the person
13 summoned." That subsection further provides that notice is "sufficient" upon such mailing "even
14 if such person or fiduciary is then deceased, under a legal disability, or no longer in existence."
15 This language evidences an intent to relieve the government of the obligation to provide actual
16 notice to the taxpayer. Berman, 264 F.3d at 19.

17 The 20-day time period within which Petitioners could have filed a petition to quash under
18 § 7609 began to run on September 15, 2008, the date the IRS sent the notice to them by certified
19 mail. Their petition to quash, filed 36 days later on October 21, 2008, was untimely. There has
20 been no waiver of sovereign immunity, and the petition to quash must be dismissed.[3]

---

22  [2]Although Petitioners argue they did not get notice until October 7, 2008, the certified mail receipts show Petitioners received the notices on October 6, 2008. [Arellano Decl., Exhibit D.]

24  [3]In opposition to the motion to dismiss, Petitioners raise many arguments regarding why the IRS and this Court lacks jurisdiction over them. However, Congress has imposed a tax on the taxable income of every individual, whether married or single, as well as upon estates and trusts. 26 U.S.C. § 1(a) - (e). Congress has also granted the Secretary of the Treasury broad authority to discover and enforce individual income tax assessments. 26 U.S.C. § 7601 *et seq*. The Ninth Circuit has found that the payment of federal income taxes is not voluntary. In re Becraft, 885 F.2d 547, 548 (9th Cir. 1989) (noting that the court "need comment on the patent absurdity and frivolity" of respondent's argument that the Constitution does not authorize Congress to implement an individual income tax); see also Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988) (rejecting taxpayer's arguments that payment of taxes is voluntary and that income tax violates the Constitution).

### *Conclusion*

For the reasons set forth herein, the Court GRANTS Respondent's motion to dismiss and dismisses the Petition, terminating this case.

**IT IS SO ORDERED**.

**DATED: January 5, 2009**

_____
**IRMA E. GONZALEZ, Chief Judge
United States District Court**